**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-24327-DPG**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**APPROXIMATELY $877,036.72 (US) FORMERLY ON DEPOSIT IN ACCOUNT NUMBER 229057932478 HELD AT BANK OF AMERICA, N.A., IN THE NAME OF PRONTO MEDICAL CENTER CORP SEIZED ON OR ABOUT FEBRUARY 23, 2026, PURSUANT TO JUDICIAL WARRANT,**

**Defendant *In Rem*.**

# DEFAULT JUDGMENT OF FORFEITURE

**THIS CAUSE** comes before the Court upon the United States' Motion for Default Judgment of Forfeiture ("Motion"). [ECF No. 12]. The Court granted the Motion in a separate Order, [ECF No. 13]. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate default final judgment.

Being fully advised of the relevant facts, the Court hereby finds that:

1. On June 22, 2026, the United States filed its Verified Complaint for Forfeiture *in Rem* ("Complaint") against the Defendant *in Rem,* which is: Approximately $877,036.72 (US) formerly on deposit in account number 229057932478 held at Bank of America, N.A., in the name of Pronto Medical Center Corp ("Pronto Medical"), which was seized on or about February 23, 2026, to include accrued interest (collectively, "Defendant Asset"). [ECF No. 1].

2. The Court has jurisdiction over the subject matter of this civil *in rem* forfeiture action pursuant to 28 U.S.C. §§ 1345, 1355(a) and 18 U.S.C. § 981(a)(1). [ECF No. 1, ¶ 2].

3. The Court has *in rem* jurisdiction over the Defendant Asset pursuant to 28 U.S.C. §§ 1345, 1355(b). [ECF No. 1, ¶ 3].

4. Venue for this civil *in rem* forfeiture action is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395 because acts or omissions giving rise to the forfeiture occurred in the Southern District of Florida. [ECF No. 1, ¶ 4].

5. The Complaint alleges that the Defendant Asset is subject to civil judicial forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1349 (Conspiracy to Commit Heath Care Fraud) and 1347 (Health Care Fraud). [ECF No. 1, ¶¶ 52-57].

6. Notice of this civil forfeiture *in rem* action was published for 30 consecutive days, from June 27 through July 26, 2026, on an official internet government forfeiture site (www.forfeiture.gov) in accordance with Supplemental Rule G(4)(a)(iv)(C), and a Declaration of the Publication was filed with the Court on July 29, 2026. [ECF Nos. 7, 7-1].

7. A warrant of arrest *in rem* was duly executed on the Defendant Asset by an officer of the Fines, Penalties and Forfeiture Section, United States Department of Homeland Security, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule") G(3)(b) & (c). A certificate of service was filed with the Clerk of Court on August 7, 2026. [ECF No. 8].

8. Pronto Medical is the only person (or entity) who (or which) reasonably appears to be a potential claimant in this civil *in rem* forfeiture action under Supplemental Rule G(4)(b) on the facts known to the United States. [ECF No. 10-1, ¶ 5].

9. On June 29, 2026, pursuant to Supplemental Rule G(4)(b)(i), written notice of this civil *in rem* forfeiture action along with a copy of the Complaint was sent by FedEx to Pronto Medical's principal office address at 900 West 49 Street, Unit 410 Hialeah, Florida 33012. The FedEx package was delivered on June 30, 2026. [ECF No. 10-1, ¶ 8].

10. Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to the Defendant Asset was required to file a claim no later than 35 days after the written notice was sent on June 29, 2026, or 60 days after the first publication of notice on the official internet government forfeiture site on June 27, 2026. Those time periods expired on August 3, 2026, and August 26, 2026, respectively, and no extensions to these time limits have been requested, consented to, or granted by this Court. [ECF No. 10-1, ¶ 10].

11. The United States has thus fulfilled its notice requirements under Supplemental Rule G(4).

12. No person or entity has filed either a claim to the Defendant Asset or an answer to the Complaint, or has otherwise appeared in this regard, and the time to do so has expired. [ECF No. 10-1, ¶ 11].

13. No person or entity thought to have an interest in the Defendant Asset is an infant, incompetent, or presently engaged in military service. [ECF No. 10-1, ¶ 12].

14. On September 21, 2026, pursuant to the United States' motion, the Clerk of the Court entered a Default against Pronto Medical. [ECF No. 11].

As no person or entity has filed either a claim or an answer to the Complaint, and the time to do so has expired, it is accordingly, hereby:

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Pursuant to Federal Rule of Civil Procedure 55(b)(2) judgment of default is hereby entered against Pronto Medical for failure to file a claim no later than 35 days after written notice of the Complaint was sent on June 29, 2026, or 60 days after the first publication of notice on the official internet government forfeiture site on June 27, 2026, as required under Supplemental Rule G(5)(a)(ii)(A). Any further claims or statements of interest are time-barred.

2. All right, title, and interest in the Defendant Asset is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and clear title to the Defendant Asset is vested in the United States of America for disposition according to law.

3. The case is **CLOSED**.

**DONE** and **ORDERED** in Chambers in the Southern District of Florida, this 23rd day of September 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**